















MNA    7/25/03    9:58

3:03-CV-01484   HUBBARD V. PIEBUSH ENTERPRISES

*1*

*CMP.*

ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252

5  Attorney for Plaintiffs

6

7

8

9          THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  LYNN J HUBBARD and            )  No. '03 CV 1484 K    RBB
    BARBARA J. HUBBARD,           )
13                                )
14      Plaintiffs,               )  **COMPLAINT FOR**
                                  )  **DECLARATORY, INJUNCTIVE,**
15      vs.                       )  **AND MONETARY RELIEF:**
                                  )  • Americans With Disabilities Act
16  PIEBUSH ENTERPRISES, LLC      )  • Disabled Persons Act
    dba THE HUNGRY STICK; and     )  • Unruh Civil Rights Act
17  DOES 1 through 10,            )  • Health and Safety Code Part 5.5
18                                )  • Unfair Business Practices Act
        Defendants.               )  • Negligence
19                                )
20  _____)

21

22

23

24

25

26

27

28

FILED

03 JUL 24 PH 3: 58

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

1

## I. INTRODUCTION

1.    This is a civil rights action by Plaintiffs, LYNN J. HUBBARD and BARBARA J. HUBBARD ("Plaintiffs") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

THE HUNGRY STICK
4664 Clairemont Mesa Boulevard
San Diego, CA 92117
(the "Restaurant")

2.    Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against PIEBUSH ENTERPRISES, LLC dba THE HUNGRY STICK; and DOES 1 through 10, ("Defendants") pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]
- The Unfair Business Practices Act;[5] and
- Negligence.[6]

---

[1]  42 USC §12101 *et seq.*
[2]  California Health and Safety Code §§19955 *et seq.*
[3]  California Civil Code §§51 *et seq.*
[4]  California Civil Code §§54 *et seq.*
[5]  California Business and Professions Code §§17200 *et seq.*
[6]  California Civil Code §1714.

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5.    Plaintiffs claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

7.    Plaintiffs have multiple conditions that affect one or more major life functions.  Plaintiffs require the use of motorized wheelchairs and a mobility-equipped vehicle, when traveling about in public.

8.    Consequently, Plaintiffs are "physically disabled," as defined by all applicable California and United States laws, and members of the public, whose rights are protected by these laws.

9.    Defendants are owners, operators, lessors and/or lessees of the Restaurant.

10.    Defendants are, or consist of, a person or persons, firm or corporation.

11.    On information and belief, Plaintiffs allege a joint venture and common enterprise by all defendants.

Plaintiffs' Complaint                    Page 3              Hubbard v. Piebush Ent., et al.

1    12.   On information and belief, Plaintiffs allege each

2 defendant conspired to commit the acts described herein.

3    13.   On information and belief, Plaintiffs alternatively allege

4 that each defendant aided and abetted one another in the wrongful

5 acts hereinafter alleged.

6    14.   On information and belief, Plaintiffs allege each

7 defendant is the agent, ostensible agent, master, servant, employer,

8 employee, representative, franchisor, franchisee, joint venturer, alter-

9 ego, partner and associate, or such similar capacity of other

10 defendants. Accordingly, each defendant was acting, or failing to act,

11 within the scope of their authority.

12                            V. FACTS

13    15.   The Restaurant is a commercial facility, place of public

14 accommodation, public facility, and/or other place that the general-

15 public is invited, which was constructed with private funds.

16    16.   Defendants and Plaintiffs know that areas of the

17 Restaurant are inaccessible to the physically disabled.

18    17.   Defendants have the financial resources to make the

19 Restaurant accessible to the physically disabled without much

20 difficulty or expense by removing architectural barriers and modifying

21 policies and procedures.

22    18.   Plaintiffs visited the Restaurant and actually encountered

23 architectural barriers that denied them full and equal access.

24    19.   For example, Defendants violated the law by failing to

25 provide access to the Restaurant from public sidewalks, parking, or

26 public transportation. On information and belief, this failure may

27 include, installing an entrance ramp, reducing door pressure,

28

Plaintiffs' Complaint                Page 4            Hubbard v. Piebush Ent., et al.

1 providing accessible parking spaces, and an accessible route of

2 travel.

3    20.   Defendants also violated the law by failing to provide

4 access to those areas of the Restaurant where goods and services

5 are made available to the public.  On information and belief, this

6 failure may include, adjusting the layout of display racks, rearranging

7 furniture, adding an accessible check-out counter, and installing

8 ramps.

9    21.   On information and belief, Defendants also violated the

10 law by failing to provide access to restroom facilities at the

11 Restaurant.  This failure may include removing obstructing furniture

12 or vending machines, installing ramps, providing accessible signage,

13 widening of toilet stalls and installation of grab bars.

14    22.   Plaintiffs were denied the full and equal access (as

15 required by United States and California statutes) during each visit to

16 the Restaurant.

17    23.   Despite these visits, Plaintiffs were also deterred from

18 visiting the Restaurant, because of actual knowledge that the full and

19 equal enjoyment of the goods, services, facilities, privileges,

20 advantages, or accommodations at the Restaurant was not available

21 to physically disabled patrons.

22    24.   Plaintiffs have suffered, or anticipate suffering, emotional

23 and physical harm during each actual visit to the Restaurant, or

24 incident of deterrence.

25    25.   Plaintiffs would visit the Restaurant, but for the future

26 threat of discrimination by Defendants.

27

28

26.    Because of Defendants' acts and omissions, Plaintiffs suffered physical discomfort and injury, emotional distress, and mental suffering and distress.

27.    All injuries suffered by Plaintiffs are expectedly and naturally associated with the denial of equal access to the Restaurant due to Defendants' acts and omissions.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

28.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 27 for this claim.

29.    Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

30.    Defendants discriminated against Plaintiffs by denying full and equal enjoyment to goods, services, facilities, or accommodations, during every visit to the Restaurant.

31.    To date, Defendants have not made the Restaurant readily accessible under Title III of the ADA.[7]

### Readily Achievable Barrier Removal/
### Alternative Methods
### 42 U.S.C. §§12182(b)(2)(A)(iv),(v)

32.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.[8]

---

[7]    42 U.S.C. §12181 *et seq.*
[8]    42 U.S.C. §12182(b)(2)(A)(iv).

33. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.

34. Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense."[9]

35. Plaintiffs allege that it is readily achievable for Defendants to remove the architectural barriers at the Restaurant under the standards set forth in the ADA.

36. Defendants violated the ADA by failing to remove the architectural barriers that were present at the Restaurant, when it was readily achievable to do so.

37. In the alternative, if it was not "readily achievable" for Defendants to remove the architectural barriers at the Restaurant, then Defendants violated the ADA by failing to make the required services available through alternative methods, which were readily achievable.

**Design and Construction**

42 U.S.C. §12183(a)(1)

38. The ADA also prohibits: A failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to, and usable by, individuals with disabilities when it is structurally practicable to do so.[10]

39. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

---

[9]   28 C.R.F. §36.304(a).
[10]   42 U.S.C. §12183(a)(1).

1      40.    Defendants violated the ADA by designing or constructing
2 (or both) the Restaurant in a manner that was not readily accessible
3 to the physically disabled public (including Plaintiffs) when it was
4 structurally practical to do so.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Alterations**

**42 U.S.C. §12183(a)(2)**

41.    The ADA also requires that: When a facility (or part thereof) is altered in a manner that affects (or could affect) its usability it must be altered in a manner that is readily accessible to individuals with disabilities to the maximum extent feasible.[11]

42.    If the alteration affects (or could affect) access to a primary function at the facility, then the responsible entity shall ensure that the path of travel, bathrooms, telephones, and drinking fountains serving the altered area are readily accessible the maximum extent feasible.[12]

43.    On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

44.    Defendants violated the ADA by altering the Restaurant in a manner that was not readily accessible to the physically disabled public (including Plaintiffs) to the maximum extent feasible.

**Policy and Practices**

**42 U.S.C. §12182(b)(2)(A)(ii)**

45.    The ADA also specifically prohibits: A failure to make reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can

---

[11]   42 U.S.C. §12183(a)(2).
[12]   42 U.S.C. §12183(a)(2).

Plaintiffs' Complaint                    Page 9                    Hubbard v. Piebush Ent., et al.

1  demonstrate that making such modifications would fundamentally

2  alter their nature.[13]

3      46.   Defendants violated the ADA by failing to make

4  reasonable modifications in policies, practices, or procedures (e.g.—

5  placement of movable displays) when these modifications were

6  necessary to afford, and would not fundamentally alter the nature of,

7  these goods, services, facilities, or accommodations.

8      47.   Plaintiffs seek all relief available under the ADA (i.e.—

9  permanent or temporary injunction, restraining order, or other order)

10  to address these violations.[14]

11      48.   Plaintiffs also seeks a finding from this Court—

12  declaratory relief—that Defendants violated the ADA in order to

13  pursue damages under California's Unruh Civil Rights Act or

14  Disabled Persons Act.

15      49.   Plaintiffs also seek attorney fees and costs under the

16  ADA.

17                    VII. SECOND CLAIM

18                    **Disabled Persons Act**

19                    Civil Code §§54 *et seq.*

20      50.   Plaintiffs incorporate the allegations contained in

21  paragraphs 1 through 46 for this claim.

22      51.   California Civil Code §54 states, in part, that: Individuals

23  with disabilities have the same right as the general public to the full

24  and free use of the streets, sidewalks, walkways, public buildings and

25  facilities, and other public places.[15]

26

27

28

---

[13]  42 U.S.C. §12182(b)(2)(A)(ii).
[14]  42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C. §2000a-3(a)).
[15]  California Civil Code §54(a).

1    52.    California Civil Code §54.1 also states, in part, that:

2  Individuals with disabilities shall be entitled to full and equal access

3  to accommodations, facilities, telephone facilities, places of public

4  accommodation, and other places to which the general public is

5  invited.[16]

6    53.    Both sections specifically incorporate (by reference) an

7  individual's rights under the ADA.[17]

8    54.    Defendants discriminated against the physically disabled

9  public (including Plaintiffs) by denying them full and equal access to

10  the Restaurant.

11    55.    Thus, Plaintiffs rights under the Disabled Persons Act

12  were infringed upon and/or violated by Defendants.

13    56.    Defendants also violated the Disabled Persons Act by

14  infringing upon and/or violating Plaintiffs rights under the ADA.

15    57.    For each offense, Plaintiffs seek actual damages and any

16  amount as may be determined by a jury, or the court sitting without a

17  jury, up to a maximum of three times the amount of actual damages

18  but in no case less than one thousand dollars ($1,000).

19    58.    Plaintiffs also seek general and special damages,

20  declaratory relief and any other remedy available under California

21  Civil Code §54.3.

22    59.    Plaintiffs also seek to enjoin Defendants from violating

23  the Disabled Persons Act (and ADA) under California Civil Code §55.

24    60.    Plaintiffs also seek recovery for all reasonable attorneys'

25  fees incurred under California Civil Code §54.3, and §55.

26

27

28  [16]  California Civil Code §54.1(a)(1).
[17]  Civil Code §54(c), §54.1(d).

Plaintiffs' Complaint                    Page 11                    Hubbard v. Piebush Ent., et al.

1     61.    Finally, this lawsuit will benefit the public by compelling

2    Defendants to make the Restaurant accessible to the physically

3    disabled public—thus, justifying attorneys' fees under California

4    Code of Civil Procedure §1021.5.

5                        VIII. THIRD CLAIM

6                      **Unruh Civil Rights Act**

7                      Civil Code §§51 *et seq.*

8     62.    Plaintiffs incorporate the allegations contained in

9    paragraphs 1 through 46 for this claim.

10     63.    The Unruh Act states, in part, that: All persons within the

11   jurisdiction of this state are entitled to the full and equal

12   accommodations, advantages, facilities, privileges, or services in all

13   business establishments of every kind whatsoever.[18]

14     64.    The Unruh Act also states, in part, that: No business

15   establishment of any kind whatsoever shall discriminate against any

16   person in this state because of the disability of the person.[19]

17     65.    The Unruh Act also specifically incorporates (by

18   reference) an individual's rights under the ADA.[20]

19     66.    Defendants' aforementioned acts and omissions denied

20   the physically disabled public (including Plaintiffs) full and equal

21   accommodations, advantages, facilities, privileges and services in a

22   business establishment (because of their physical disability) in

23   violation of the Unruh Act.

24

25

26

27   _____

28   [18]   California Civil Code §51.
     [19]   California Civil Code §51.5.
     [20]   California Civil Code §51.

Plaintiffs' Complaint                    Page 12                    Hubbard v. Piebush Ent., et al.

67. These aforementioned acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiffs by violating the Unruh Act.

68. Plaintiffs were damaged by Defendants' wrongful conduct, and seek all available relief under Civil Code §52.

69. This relief includes actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) <u>for each offense</u>.[21]

70. Plaintiffs also seek to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code §52(a).

71. Finally, Plaintiffs lawsuit is intended to compel Defendants to make the Restaurant accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to a Person with Physical Disabilities in a Public Facilities**

Health and Safety Code Part 5.5

72. Plaintiffs incorporate the allegations contained in paragraphs 1 through 27 for this claim.

73. Health and Safety Code §19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

---

[21] California Civil Code §52(a); this relief includes statutory minimum damages for each actual visit and incident of deterrence.

74.   Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

75.   On information and belief, Plaintiffs allege the Restaurant was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

76.   In the alternative, on information and belief, Plaintiffs allege the Restaurant was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

77.   The Restaurant is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

78.   Defendants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Plaintiffs and other persons with physical disabilities.

79.   Accordingly, Plaintiffs seeks injunctive relief under Health and Safety Code §19953.

80.   Plaintiffs also incurred legal expenses in order to enforce Government Code §§4450 *et seq.* or Health & Safety Code §§19955 *et seq.*

81.   Therefore, Plaintiffs seeks attorneys' fees under to Health and Safety Code §19953.

---

[22]   Health and Safety Code §19955(a).

Plaintiffs' Complaint                         Page 14                    Hubbard v. Piebush Ent., et al.

1    82.    Finally, Plaintiffs lawsuit is intended to compel

2  Defendants to make the Restaurant accessible to all members of the

3  physically disabled public—justifying attorneys' fees under California

4  Code of Civil Procedure §1021.5.

5                        X. FIFTH CLAIM

6                   **Unfair Business Practices Act**

7          Business and Professions Code §§17200 *et seq.*

8    83.    Plaintiffs incorporate the allegations contained in

9  paragraphs 1 through 82 for this claim.

10    84.    California Business and Professions Code §17203 states,

11  in part, that: Any person who engages, has engaged, or proposes to

12  engage in unfair competition may be enjoined in any court of

13  competent jurisdiction.

14    85.    "Unfair competition" includes any unlawful business act or

15  practice.[23]

16    86.    Defendants' business practices were "unlawful" in that

17  they violated applicable California and United States laws (identified

18  above).

19    87.    Defendants' unlawful business practices denied the

20  physically disabled public (including Plaintiffs) full and equal access

21  to the Restaurant.

22    88.    Accordingly, Plaintiffs seek an order for injunctive relief

23  and restitution to end Defendants' unlawful business practices.

24

25

26

27

28
───────────────────────────
[23]   California Business and Professions Code §17200.

Plaintiffs' Complaint                    Page 15              Hubbard v. Piebush Ent., et al.

## XI. SIXTH CLAIM

**Negligence Per Se**

California Civil Code §1714

89.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 88 for this claim.

90.    Defendants had a duty to comply with the aforementioned California and United States laws or regulations (or both).

91.    These aforementioned laws and regulations, violated by Defendants, were adopted to protect the class of physically disabled persons (including Plaintiffs) from injury.

92.    This violation was the proximate cause of Plaintiffs aforementioned injuries.

93.    Plaintiffs suffered physical and emotional injuries resulting from an occurrence (the nature of which) these laws or regulations were designed to prevent.[24]

94.    Defendants knew (or should have known) that the physically disabled individuals (including Plaintiffs) were denied full and equal access to the Restaurant.

95.    Despite this knowledge, Defendants refused to comply with the aforementioned laws and regulations to make the Restaurant accessible.

96.    Defendants' acts and omissions evince oppressive, fraudulent, or malicious conduct in conscious disregard for the rights or safety of Plaintiffs (and the physically disabled public).

97.    Thus, Plaintiffs, in addition to the actual damages, seek damages for the sake of example and by way of punishing Defendant

---

[24]    Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

1  under California Civil Code §3294 in a sufficient amount to
2  accomplish that purpose.
3       98.    Plaintiffs seek interest under California Civil Code §3291
4  too.

5  XII. PRAYER FOR RELIEF

6  WHEREFORE, Plaintiffs pray judgment against the Defendants for:

7  1.    Injunctive relief, preventive relief, or any other relief the Court
8      deems proper under:
9      • 42 U.S.C. §12205;
10      • California Civil Code §52;
11      • California Civil Code §55; and
12      • California Health and Safety Code §19953;
13  2.    Declaratory relief that Defendants violated the ADA for the
14      purposes of Unruh Act or Disabled Persons Act damages;
15  3.    Statutory minimum damages under either California Civil Code
16      §52(a) or California Civil Code §54.3(a), but not both, for each
17      actual visit or incident of deterrence (according to the proof);
18  4.    General and special damages in the amount of $100,000.00;
19  5.    For attorneys' fees, litigation expenses and costs of suit
20      pursuant to:
21      • 42 U.S.C. §12205;
22      • California Civil Code §52;
23      • California Civil Code §54.3;
24      • California Civil Code §55;
25      • California Code of Civil Procedure §1021.5; and
26      • California Health and Safety Code §19953;
27  6.    Interest at the legal rate from the date of the filing of this action;
28  7.    Punitive damages pursuant to Civil Code §3294;

1    8.     Prejudgment interest pursuant to Civil Code §3291; and

2    9.     Such other and further relief as the court may deem proper.

3    DATED: July 17, 2003       LAW OFFICES OF LYNN HUBBARD

4

5

6                          LYNN HUBBARD, III

                          Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Complaint              Page 18             Hubbard v. Piebush Ent., et al.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LYNN J. HUBBARD and BARBARA J. HUBBARD

## DEFENDANTS

03 JUL PREBUSH ENTERPRISES, LLC dba THE HUNGRY STICK; and
DOES 1 through 40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Law Offices of
Lynn Hubbard, 12 Williamsburg
Lane, Chico, CA 95926

ATTORNEYS (IF KNOWN)

'03 CV 1484 K : RBB

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |

Personal Injury entries continued:
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- **DEMAND $** Excess $75,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
July 17, 2003

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # 095972 AMOUNT $150.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.